### FLEER *v.* FINKEN *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF DEMANDS—EVIDENCE.

Plaintiff brought an action on an account against the estate of his deceased aunt for board, lodging, and washing. There was evidence that plaintiff occupied decedent's house under an agreement to pay rent, and that decedent agreed to pay for her board, lodging, and washing furnished by plaintiff. *Held,* that there was no obligation on plaintiff to support decedent, and that judgment was properly entered on the report of a referee in his favor.

Appeal from judgment on report of referee.

Action by Henry Fleer against John Finken and Casper Koster, administrators of Treno Jung, deceased, on an account for board, lodging, and washing furnished decedent in her life-time. Plaintiff was decedent's nephew, who occupied her house under an agreement that plaintiff should pay rent. Plaintiff presented an account beginning June 1, 1879, and ending June 1, 1887, on which there was allowed a credit for sums paid during the years 1885 and 1886. From a judgment for plaintiff, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Edward F. Davenport,* (*Hugo Hirsh,* of counsel,) for appellants. *Jacobs & Butcher,* (*Stephen B. Jacobs,* of counsel,) for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon the report of a referee. The plaintiff presented a claim against the estate of Treno Jung to her administrators, which was rejected, and referred to a referee for determination under the statute. The referee reported in favor of the plaintiff, and a judgment was entered upon his report. The claim against the deceased was large, and had accumulated during her life, and was properly viewed with suspicion by the administrators; but the proof produced in its support upon the trial found favor with the referee, and commanded his belief, and it was natural and unaffected by any inherent improbability. The proof offered by the defendant was in part stricken from the record, because it was inadmissible, and what remained was entirely insufficient to answer the case made by the plaintiff. The relationship existing between the plaintiff and the deceased was insufficient to impose upon him any obligations for her support, and there was, moreover, proof of a promise on the part of the deceased to pay for the same. The statute of limitations does not apply. We find no error in the record, and the judgment should be affirmed, with costs. All concur.